## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE DUGGAN,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
SF-1221-16-0150-W-2

DATE: May 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

George Duggan, Newman, California, pro se.

David Gallagher, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely refiled without good cause for the delay in filing. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Order.

¶2    The appellant is a Senior Auditor, GS-0511-12, with the Defense Contract Audit Agency. *Duggan v. Department of Defense*, MSPB Docket No. SF-1221-16-0150-W-1, Initial Appeal File (IAF), Tab 1 at 1.  On December 5, 2016, he filed this appeal alleging that he made protected disclosures of a violation of law, rule, or regulation; gross waste of funds; abuse of authority; and gross mismanagement, which were contributing factors in a series of agency actions taken against him between 2007 and 2012.  IAF, Tabs 1-4.  The appellant later moved for dismissal of the appeal without prejudice pending the Board's ruling on his petition for review in a prior IRA appeal, *Duggan v. Department of Defense*, MSPB Docket No. SF-1221-14-0544-W-2, Final Order (Sept. 13, 2016) [hereinafter *Duggan I*].  IAF, Tab 6.  The agency did not object.[2]  IAF, Tab 9. The administrative judge dismissed the appeal without prejudice on February 3, 2016.  IAF, Tab 10, Initial Decision.  In the order dismissing the appeal, the administrative judge advised the appellant that he might "refile his appeal within 30 days of the issuance of the Board's final decision in SF-1221-14-0544-W-2, or one year from today's date, whichever is earlier."  *Id.* at 2 (emphasis in original). The Board issued its Final Order in *Duggan I* on September 13, 2016.  The deadline for refiling the instant appeal thus became October 13, 2016.  *Id.* at 1.

¶3    The appellant refiled this appeal on November 11, 2016.  *Duggan v. Department of Defense*, MSPB Docket No. SF-1221-16-0150-W-2, Refiled Appeal File (RAF), Tab 1.  In the acknowledgment order, the administrative judge advised the appellant that his refiling notice appeared to be untimely by 29 days, and he ordered the appellant to file evidence and argument showing good

---

[2] The agency did, however, object to the appellant's proposed refiling deadline, which was 1 year from the date of his motion to dismiss.  IAF, Tabs 6, 9.  The agency proposed instead that the administrative judge set the refiling deadline to fall 6 months from the date of the appellant's motion or 30 days from the date of the Board's final decision in *Duggan I*, whichever was later.  IAF, Tab 9.

cause for the delay in refiling. RAF, Tab 2 at 1-4. In his response, the appellant stated that he mistakenly believed he had 60 days in which to refile his appeal. RAF, Tab 3 at 5. He explained that he confused the time limit for refiling the instant appeal with the time limit for filing a court appeal of the Board's Final Order in *Duggan I*. *Id.* He stated that, because he had confused the length of the two filing periods, he failed to request an extension of time in which to refile this appeal. *Id.* He further stated that his confusion was caused by two medical conditions, knee surgery on September 23, 2016, during the refiling period, and the symptoms of Post-Traumatic Stress Disorder (PTSD), a condition with which he was diagnosed on November 2, 2016. *Id.* He attached to his response progress notes from his surgeon stating that he had a pre- and post-surgical diagnosis of a medial meniscus tear, which was repaired by arthroscopic surgery to the left knee on September 23, 2016. *Id.* at 6. The appellant also attached a brief email message dated November 6, 2016, from a psychologist, indicating that the appellant's test results showed that he suffered from PTSD. *Id.* at 6-7; RAF, Tab 1 at 6-7.

¶4      The administrative judge acknowledged that the initial appeal was timely filed and that the agency neither objected to the dismissal without prejudice nor alleged that it would be prejudiced if the refiling deadline was waived. RAF, Tab 10, Initial Decision (ID) at 5. He explained, however, that the refiling deadline was clearly set forth in the decision dismissing the appeal without prejudice, the deadline fell within the parameters requested by the appellant, and the 29-day delay was not a minimal one. *Id.* He noted that the appellant, though pro se, "has had numerous previous Board appeals in which he has represented himself effectively, and is very familiar with Board case law and procedures." *Id.* He further noted that nothing in the progress notes indicated that the appellant was mentally impaired either before or after the surgery, and the email message from his psychologist, which came 24 days after the refiling deadline, did not state how, when, or if the diagnosis adversely affected the appellant's capacity to

refile, or to request an extension to do so. ID at 4. The administrative judge thus dismissed the appeal as untimely refiled without good cause shown for the delay. ID at 5.

¶5    On review, the appellant argues that he did not know that his medical evidence would be deemed inadequate based on the guidance he received from the administrative judge. Had he known, he explains, he would have submitted additional evidence. Petition for Review (PFR) File, Tab 1 at 5-6 (citing *Lacy v. Department of the Navy*, 78 M.S.P.R. 434 (1998) ("When, as here, an appellant states that the reason for a filing delay is physical or mental illness, he must receive *explicit* information regarding the legal standard for establishing good cause on that basis, and he must be afforded a fair opportunity to submit evidence and argument to show that he met that standard.") (emphasis in original)). Nevertheless, the appellant argues, a reasonable person would conclude that his knee injury caused pain and distraction before the surgery, which occurred 10 days into the refiling period, as well as pain during recovery. PFR File, Tab 1 at 6. He asserts that he was thus impaired for the entire 30-day filing period. *Id.* at 6-7. As for the administrative judge's dismissal of the PTSD diagnosis because it occurred after the refiling deadline, the appellant explains that PTSD develops from exposure to a traumatic event, and a reasonable person would expect there to be a lag in time between the triggering event and presentation of symptoms and the diagnosis. *Id.* at 7-8. The appellant also objects to the administrative judge's characterization of him as a pro se appellant "who represented himself effectively, and is very familiar with Board case law and procedures," namely because he has not prevailed in most of his Board litigation. *Id.* at 8.

¶6    The administrative judge correctly found that the refiled appeal was untimely by 29 days. ID at 2; RAF, Tab 2 at 2. As for whether the appellant has shown good cause for waiving the refiling deadline, the Board has held that its dismissal without prejudice policy should not become a trap that would deny the unwary pro se appellant of the opportunity to have his case decided on the merits.

*Brown v. Office of Personnel Management*, 86 M.S.P.R. 417, ¶ 8 (2000). The Board has identified the following factors as supporting a finding of good cause for waiving a refiling deadline: an appellant's pro se status; timely filing of the initial appeal; intent throughout the proceedings to file an appeal; minimal delay in refiling, and any confusion; the small number of dismissals without prejudice; an arbitrary refiling deadline; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal to go forward. *Gaddy v. Department of the Navy*, 100 M.S.P.R. 485, ¶ 13 (2005). On the issue of timeliness, the appellant bears the burden of proof. 5 C.F.R. § 1201.57(c)(2).

¶7        In weighing the *Gaddy* factors here, several factors work in the appellant's favor.[3] They include the appellant's timely filing of his initial appeal, his articulated intent throughout the proceedings to refile his appeal, only a single dismissal without prejudice, and the agency's failure to object to the dismissal without prejudice and the apparent lack of prejudice to the agency in allowing the refiled appeal to proceed. IAF, Tabs 1-4, 6, 9; RAF, Tab 6. However, the clarity of the order language dismissing the appeal without prejudice works against the appellant. IAF, Tab 10 at 2. We also do not consider the deadline to have been arbitrary. In fact, when he set the deadline, the administrative judge seems to have been influenced by the appellant's preferences to the same extent that he was influenced by those of the agency. IAF, Tab 6 at 4, Tab 9 at 4, Tab 10 at 2. However, the order language includes an alternative deadline, which might have contributed to the confusion the appellant alleges. *Brown*, 86 M.S.P.R. 417, ¶ 8. A 29-day delay is not a minimal one, but the Board has remanded cases with similarly lengthy delays in refiling for consideration on the merits. *See Jaramillo*

---

[3] In 2017, the U.S. Court of Appeals for the Federal Circuit, in an unpublished decision, cited *Gaddy* to vacate a Board decision in which the court held that the Board abused its discretion by concluding that Mr. Schnell's petitions for appeal were untimely filed under circumstances less sympathetic than those presented here. *Schnell v. Merit Systems Protection Board*, 673 F. App'x 1011 (Fed. Cir. 2017).

*v. Department of the Air Force*, [106 M.S.P.R. 244](#), ¶ 5 (2007) (finding that the waiver of the refiling deadline was warranted even though the appellant's representative miscalculated the deadline and refiled the appeal 29 days late).

¶8        Even if the appellant is, as the administrative judge characterized him, an effective self-representative before the Board and "very familiar with Board case law and procedures," ID at 5, we cannot disregard his pro se status.  The administrative judge cited a nonprecedential order for the proposition that the Board now avoids distinctions between pro se and represented appellants.  ID at 5 (citing *Snowden v. Department of the Interior*, MSPB Docket No. DC-0752-11-0988-I-2, Final Order (June 28, 2013)).  In *Snowden*, however, the Board did not invalidate the distinction between pro se and represented appellants.  Instead, the Board simply offered examples of cases in which the other *Gaddy* factors outweighed the fact that the appellant had been represented.

¶9        Further, here, the appellant presented evidence of two medical conditions, outpatient surgery on his left knee, which occurred on the tenth day of the refiling period, and PTSD, which was diagnosed 24 days after the refiling period ended.  RAF, Tab 1 at 6-7, Tab 3 at 6-7.  His medical documentation is slim.  As the administrative judge pointed out, it does not address how his conditions prevented him from refiling the appeal on time.  ID at 4.  We also reject the appellant's contention that the administrative judge failed to inform him of the legal standard for establishing good cause.  PFR File, Tab 1 at 5-6; RAF, Tab 2 at 3 n.2.  Yet, the date that the appellant refiled—59 days after the Board issued its Final Order in *Duggan I*—is consistent with his assertion that he believed he had 60 days in which to refile his appeal.  RAF, Tab 3 at 5.  Although the agency argued that the appellant had adequate time in which to manage his affairs because he was on leave during the refiling period, RAF, Tab 6 at 6, we cannot simply ignore his claims regarding stress and confusion.  The appellant has averred under penalty of perjury that he was diagnosed with PTSD on November 2, 2016, and that he was suffering from symptoms of that illness beforehand.  RAF, Tab 1 at 5.

Persons who are diagnosed with PTSD have presented with various symptoms related to reactivity, cognition, and mood regulation for at least a month before diagnosis. *See* National Institute of Mental Health, *Post-Traumatic Stress Disorder*, https:// www.nimh.nih.gov/health/topics/post-traumatic-stress-disorder-ptsd. The symptoms of PTSD may continue for months after the triggering event and significantly affect the patient's ability to manage daily tasks.[4] *Id.* Although a more detailed statement of the appellant's condition would have been preferable, when we weigh all of the *Gaddy* factors, we find that the appellant met his burden of proof. We do not absolve the appellant of his obligation to carefully read and comply with the Board's orders and decisions, but we find that it is in the interest of justice to waive the refiling deadline and remand the appeal for adjudication.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.

---

[4] The Board takes official notice of this information about PTSD pursuant to 5 C.F.R. § 1201.64.